# 767-15

ORIGINAL

①

ELMO Fortenberry

V,

STATE OF TEXAS

APP. CASE NO. 11-15-00077-CR

Trial court case NO CR.43001

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

Petition For Discretionarry Review

My Lawyer Didnot notific me of right TO Appeal
AND Did not Fill An Appeal His self Because it would have
been manly on His Rongs or LACK of Performance

FILED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

I

Officer out side Jursdiction Arest For misdemened Violations
Perkins v. STATE 771 sw. 2d 195 (1989)

Deputy E. Gomez ACTing "in A "Badge of Fravd" out side
The Color of LAW. He was not There For Any kind of
Felony AND He HAD no WARRANT. I Terminated The Encounter
whin I Let him no I was not going TO TALK To Him I wanted
Sheiff Painter. YOU will Find This on Deputy Report marked
(Exhibits. E, F) Keep in mind we Are on privAT Property And
A privAT Drive, or DeAdend Road main Thing Being PrivAT.
Anow Let's Bring in 1st Ameadment Free Speach my LANGUAGE
WAS BAd. Becaus I HAd Been Denied A NoTher Constitution
AL Right 14th EqUAL protection By LAW. Terminat Encouwter
Deputy now Out Side Color of LAW. 4th Amendment

The right of People TO Be secure in There persons,
houses, papers, and effect's, AgAinst unreasonABL
searchs and seizures. This means PrivAT ProperTy
Drives, YAIDS, ROAD's Anywhere "reAly Even in public"

## Seizures

The Fourth Amendment also Protects Against unreasonabl government Seizure of Person's and property. The Fourth Amend. only Applies To government Actions That Terminate Freedom of movement Through means intentionally Applied Seizure of A Person occurs when A reasonable person would Not Flee. Free To Leave decline The Officers request Or otherwise Terminat The Encounter. The Court must Take into Account All of The Circumstances surrounding The Encounter. An Encounter With An officer does Not constitute A seizure unless The Officer restrains The individules Liberty By means of Physical Force or Show of Authority To which The individual submits.

U.S. V. Smith 594 F.3d. 538-39 (6th cir 2010) No Seizure when defendant Tried repeatedly To push past police in Hallway.

I was standing on The side of The Drive By a gate whin Deputy E. Gomez Came At me, See (Exhibit E, F) Deputy Report. Since He Sais I pushed Him Away He should Not Have Been Trying To put His Hans on me. I Had Already Declined, Terminated The Encounter. Where is A warrant There is No Felone And no Evidence Being Destroyied, I had And Have Not Broken Any Laws, I Called Making A Complaint or Actuly my wife Called First They Told Her They Could no Do Any Thing There was no one Hurt And no Property Destroyed. I Got Mad

Whin we got Home I got A whisky BoTTLe, AT Home. ABOUT <u>30 minits LATTer</u> is <u>whin I STarTed On Them</u> Be CAus The LAw Dus noT SAY Some one HAS TO goT HurT or Die, or properTy DestroYed BeFor They Do There Job. I HAd noT Broken Any LAw Though my ConsTiTuTionAL RighTs HAd Been VioLATed By SheriFF'S OFFice. Go To PeNAL CODe Sec. 39.01 DeFiniTions

(1) "LAw reLATiny TO a public servANTs oFFice or EmpLoy-menT" me An's A LAw THAT specifically AppLies To a person ACTing in The CApAciTy oF A PubLic seivANT AND ThAT DirecTLy or indirecTLy;

(A) imposes A duTy on The pubLic seivANT. (Ther JoB Serve And proTecT, NoT CALL The morqe or ambulanee or A Recker To Keep Thes Things From HAppon ing is There JoB.)

(B) governs The ConducT oF The pubLic seivANT; I would SAY This means NoT ATTACking A person on There one properTy with ouT good CAuse. And For Shure noT kicking Them Though A gaT ThAT HoLdes Horses in A FiLd or pin Horses wAing 1100 and 1300 pounds So For me To go Though ThAT gAT Like He SAis I wAS HiT EXCesivLy HArd. A 1300 pound Horse pushing on ThAT qaTe An iT DonT open. EXcesiv Force is ThAT ConducT For PoLice To FALLow. Now LeTs go BACk To whAT He STATes His Reason For Being There wAS. To ADvise RighTs on 911

WELL THAT is good But By. YALLS LAW He Should HAVE Been There To TAKe A Complaint, And ALL This Come To The Side of The road so we can TALK Never HAppened. IF I WAS in The midle of The Road How AFter He CAMe AT me Did I GRAB A GAiT. I WAS AT The GAT Whin He GOT OUT oF His CAR PArked in The midLe oF The roAd Coming AT me yelling your under Arest for P.I. Very LiTTLe of whAt E. Gomez STATes in His Report is FACT oF whAT HAppoud. E. Gomez SAis He is coming To Advise Rights He pulled in To my PArking Area Then BAcked BACk out FAcing His CAR AT me coming Down Fincline. IF He WAS There PEAcFULL Why Did He NOT JUST WAiT For me To get To Him. NOW YALLS LAW Gov. Code Sec. 411.019 24 Hour TOLL Free number

(a) The department SHALL provide A 24 hour TOLL Free Telephone number For use by the public in reporting TrAFFic OFFenses, including driving while inToxicATed, suspected criminAL ACTiviTy, And TrAFFic ACCidents And OTher Emergen-cies, I would SAY 911 Emergencies And DANGers To Public I WAS NOT VioLATing The LAW.

(b) On reServing a report oF An OFFense, The department shall ConTAcT The LAw enForcement Agency oF The Jurisdiction where The reported suspected driver or incident was observed or SHALL DisPATch department OFFicers. (YOU NO TO Find The 18 Wheeler Be For He Dose Run over som one And Kill or Do SeAreA HArm To PerSon And or proporty. "There JOB" )

Gov. Code, Sec. 411.0195. Public Complaints

They should HAVe Been comming To TAke A complaint not Arest me, Like I said He ATTACT me not me ATACK Him sec.(Exhibit E,F) They Should HAVe Been There To TAke A Complaint not Advise rights They Should HAVe never Told me There WAS nothing They could Do no HArm HAd Been Dun.

(a) The department Shall maintain A system To promptly And Efficiently ACT on complaints filed with The department. The department Shall maintain information About Parties To The Complaint, The subject matter of The Complaint, A summary of The ~~~~ results of The review or investigation of The Complaint, And it's disposition, (b) (C)

My Lawyer should HAVe Filed A motion To Dismiss under grounds of LACK OF evidence no crim OFFicer OUT side The LAw And His Report STATes His ViOLAT.ons To me. The Did not Even HAVe Auteo And Video or SAid They Did not Becaus it would not HAVe Showen Any rong By me. Sec. 39.03 OFFicial OPPression

A Public ServANT ACTing under color of his OFFice or Employmen commits an offense if he; (1) inTenTionally Subjects Another To mistreatment or To Arrest, detention, or Lien That he knows is UNLAwFUL (2) InTenTionally denies or impedes Another in The Exercise of Enjoyed Right. Asking For Help For me And others, Drinking At Home, Chosing who I TALk To with out A WArrANT, Telling me I HAVeTo.

My lawyer accepted the states position that I committed the offence. Craig v. State 847 Sw.2d. 434 (1993) The jury decision would have been different if my lawyer had not acted the way he did at trial. Lik I was rong for complaining.

## II

### DAY OF TRIAL ~~falle should have~~

Trial held in 238th District Court, but the Indictment was for the 385th District Court, which they changed to the day of trial so the court could have a better jury for them. ~~And~~ My lawyer accepted it not making them fallow the law and judicil procedurs like filling a motion for Transfe or get ~~another~~ Another indictment for that court Art. 21.26 Order Transferring cases. All court's have to have motion or order to transfer. Even appeal court altho we are talking about district court I am just show in all court have to fallow the same rule's See, Tex Rule of Court Rule 1.5. Transfers of related cases between the first and the Fourteenth court of Appeal's (A) How is Filed (b) docket Transferred cass. ~~see~~ See also, Art. 21.28 Duty on Transfer

The clerk of the court, without delay, shall ddiver the indictment in all cases transferred, together with all the papers relating to each case, to the proper court of justice, as directed in the order of transfer; and shall accompany each case with a certified copy of all the proceedings taken

Therein in the district court, and with a bill of the costs that have accrued therein in the district court. The said costs shall be taxed in the court in which said cause is tried, in the event of a conviction.

The transcripts from both pretrile hearings should have been transferd with all other paper to 238th district court along with a bill of caurt to this point.

ArT 33.08 To Fix DAY For Criminal Docket.

The Case no. has to be on the Docket For the Court Tried in at leas 7 Day BeFor Trial Fo Docket Call in court

Rule 246 Clerk To Give notice of Settings on all cases To DeFendant And ATTorneys.

Rule 87 Determination of motion To Transfer.

no Later Than 7 days prior to hearing DAY

ArT 4.16 Concurrent Jurisdiction

First CourT To Have indictment or complaint is To Retain Jurisdiction, But Both courts have To have indictment or complaint; (Thats what the Transfer is about)

Under ArT 21.28 vernon's C.C.P. 6. Burdon of Proof where a criminal Case returned To the district court was Tried in the county CourT, The burden was on the state To Show The Transfer of the Case.

Dittforth V State (Cr App 1904) 46 Tex Crim 424, 80 SW 628 Criminal Law ✪ 101 (4)

ArT 30.08 Order of TransFer

ArT 21.28 vernons C.C.P. 1. Order of Transfer

2. Transcript And certificate - in general

Vernons C.C.P ART 20.28

The record of the presentment of the indictment should be CERTIFIED ~~certifi~~ to the court to which the cause is Transferred as a part of the proceedings Taken in The district court WALKER V. STATE 1879 7 Tex Crim 52 Transfer of indictment BRANNON V. State (1887) 5 SW 132; Indictment presented To District By grand Jury. ESTES V. STATE (Cr. App 1894) 33 Tex Crim 560, 28 SW 469

Exhibits (I, J) show which court I was Tried in

Exhibit (G, H) Show which court Judgement was Fixed in Becaus indictment was in That court.

Exhibit (J) shows which court Jury was picked From

They wanted me To HAVE THAT Jury IT HAD Police Through out it. (My LAWYER should HAVE ASKed For Contenuac) ALSO midland TOLd District Court of APPEALS I PLEA BArgand Exhibit (G, H) show proof of Jury Trial.

"I HAD A BIAST JURY BAd FAIT in Court ACTion For me And My LAWYER LET iT HAPPen" ALL Court's HAVE TO HAVE motion or order To TransFer.

---

## III

## Indictment

First Officer out side Color of LAW The endictment Should HAVE never Been ACCePted I AM NOT the one THAT Did The ATTACKing An ASSULTing

Second No LEGAL Endictment in Court I was Tried in The endictment was For 385TH NOT 238TH And No Transfer      Should HAVE Ben A motion To Quash

## IV

### EnHAncement

My Lawyer Should HAve went over The enHAncement with me But He did not Proof in EXHibits (B, C)
If He would HAve He would HAve none The DATe was Rong on The conviction for offense By ALmost 13 year's 1991 And 2004, 2004 makes it Look Like I could Barly Stay out of Truble For 13 years where It was Realy 23 years.
EX PArte Lilly 656 S.W. 2d 490 (Ten. Crim. App. 1983)
Counsel was ineffective when he did not consult with defendant did not review prosecutors files had not conducted An independant investigation, had not Interviewed The States witness, And HAd Not reviewed The ENHANcement ALLegAtions.

## V

My Lawyer Refused to Let me Testify And Told me If I Tryed To Say Any Thing They would Find me in contempt And HAve The rest of the Trial with out me The al "Du process violation"
Also Doherty V. State 781 s.w. 2d. 439 (1989)
Could not Creat my on cogent defensive Theory Tell what realy HAppend Like what He was Real Saying when He was coming At me While I was By Fince. You Are Under Arest For P.I.
Own Cognet Theory. Hermandez V. State 943 s.w. 2d. 930 (1997) I could not Protect my self

## VI

Did NOT File A motion For Lesser included offence Charge To Be given to JURY. The JURy CAN NOT Bring Charges on There own They HAVE To Be Braught By Court Judge TO JURY.

AcT 37.09 Lesser Included offense

AN offense is A Lesser included offense iF:

(1) iT is ESTABished by proof of The same or less Than ALL The Facts required To ESTABLish The commission of The offense Charged:

(2) —    —    —

(3) iT diFFers From The offense charged only in The respect ThAt A Less Culpable menTAL STATe SUFFices To ESTABLish iTs commission; or

(4) iT consists of AN ATTempt To commit The offense Charged or AN otherwise included offense; See. EXHiBiT (F) I marked Less Charge ReSiSTing Arest

Sec 8.04 InToXicATion (d) For purposes of This section "InToXicATion" means disturbance of mental or Physical CApAcity resulting From The intoduction of Any substance into The Body.

Sec.49.07 Intoxication ASSULT

(A) A Person commits AN offense iF The person by Accident or misTAKe;

(b)    2. Elements 6. Less included offenses 11. Instruction To HAVE A FAir AN Impartial Jury determination

Jury CAN NOT Bring Charges on They own.

I would NOT Been Convicted of ASSULT on puplic servant

IF My LAWY would HAVE Been working For me And NOT The STATe I WOLD NOT Be in prision For Doing what The Law pLAnLy Allows AT most ALL I would HAVe Been ConVicTed oF WAS ResisTing Arest. ANd I DonT NO How I Could HAVe Been ArresTed For ThAT even E. GOmes came AT me Not me AT Him.

## VII
### Burdon oF Proof

The DepuTy SAying His CAr DidnoT HAVe AUTio And VideO is not Proof. AUTio And Video is in the CAr's TO STOP RACiA Profiling See These ArTicAls ArT 2.132 LAW EnForcement RACiAL ProfiLing The AUTiO And video is There To ProTecT Them And The public. ArT 2.135 AUdiO And VideO. ArT 2.137 Provision For EUnding For EquipmenT, Thrugh TexAs DepartmenT oF Public SaFTy, To keep cops From vouging The public. And To Prove Whin They HAVe noT ViolATed The public's ConsTiTuTonAl Rights Like E. Gomez Did me. Proof oF This Comes OFF PAper work From The STATe NoT A Deputy ThAT will SAy Any Thing. I BeT IF I HAD Broke The Law inSTed oF The OFFicer The CAr would HAVe HAd AUTio And Video. JUST Like I No The Two CAr's ThAT were There First HAd AUTeO An VideO But IT would HAVe Shown DiFFreT ThAN His STATmenT

TO BECAUS HE SAID WHIN OFFICERS ARRIVED I WAS STEAL COMBATIV AND HE HAD TO HAVE HELP HANDCUFFING ME HIS TESTIMONY WAS THE ONLY ONE THAT SAID I WAS VIOLATING THE LAW. IT'S LIKE ONE DEPITY TOLD ME IF MY DOGS WERE ANUCCAC AGAIN THEY WOULD KILL THEM MY DOGS HAVE NOT BOTHERED ANY WONE SO HE WAS JUST MAKING A TERESTIC THREAT TO ONE OF MY DOGS OR REALY KIDS HE DE SIRVED TO BE TALKED BAD TO. THEN ON THE WAY TO HOSPITLLE HE HIT ME IN THE MOUTH THAT IS WHIN I STARTED SPITTING BLOOD OUT OF MY MOUTH. MY LAWYER EVEN LET THE MEDICAL PROOF BE THE OFFICCR'S WORD NO HOSPITIL REPORT OR ANY MEDICAL DOCUMENT. MY LAWYER LET THEM SAY AND DO WHAT EVER THEY WANTED TO HOW EVER THEY WANTED. BURDEN OF PROOF FALLS ON THE STATE AND NOT JUST TO SAY SOME THING IS THAT WAY THAT AINT PROOF.

EX PART VARELAS, 45, SW, 3d, 627 (Tex. Crim. APP. 2001)
HABEAS RELIEF GRANTED, DEFENSE ATTORNY WAS INEFECTIVE FOR FAILING TO REQUEST BURDEN OF PROOF OR LIMITING INSTRUCTIONS REGARDING EVIDENCE OF DEFENDANTS EXTRANUS ACTS; AS PRESENTED BY THE STATE. THERE WAS A REASONABLE PROBABILITY THE OUTCOME WOULD HAVE BEEN DIFFERENT BUT FOR THE ATTORNEYS ACTIONS.

NO TESTIMONY CORROBORATED ANY THING THE OFFICER SAID ART. 38.17 TWO WITNESS REQUIERED
THE TWO WITNESS THE STATE HAD SAID THE EXACT OPSIT OF E. GOMEZ

Which Testimoney was True E. Gomez or The Two OFFicer's That Testified TO FACTS OF What They Neuw.

## VIII
My Lawyer Should HAVE Filed
A Motion on perJured Testimony

AT Trial E. Gomez Said HeLost His Radio And could noT CALL For BACK UP, He ALSO SAid I PulLed Him to Ground By His EAr, He ALSO SAid He HAd To HAve Help HAnd CuFFing me. And Whin OFFicer Arived They Helped CAlm me down becaus I WAS STeal Being Combativ, And I HAVE ALredy Shown He WAS noT ACTing Under Color oF LAW He WAS The ogresser noT me. ThAT WAS on PAGe's 1-5 PerJured STATements, ExhiBiT (D) Line 8. He SAid Public ROADWAY, PriVAT mAinTAined onLy mArked CounTy ROAd 97, For Emergancys And mailing purposes Brown Sigu not green or BluiSh Green. PriVAT Drive ACALA Becaus it Dead-ends inTo A Fild or pasture JUST PAST ary where we were.

So, now "BoTh OFFicer" SAid in TesTAmony ThAT E. Gomez CALLed For BAck up And He HAd me HAnd CuFFed Whin They Arived And ~~that is~~ That ~~is~~ is ALL no COMBATiVNess. I Think I mentbn This Sot oF STUF under Burdon OF ProoF. E. Gomez WAS His own ProFesion WiTness And ALL The

Proof They needed. He new what He was saying was Rong. The STATe and my ATTorny new what He was saying and what Thy HAd said About Police Being credable was Rong. They Did not CAre They only wanted To convict me so I would stop Trying To get The Sheriff's Department To Do There Job Beffor ~~Death or Dama~~ Death or Damage To Person or Property not Just mine EATher. The TesTimony E. Gomez gave And The Deputy Report were Different To. see Transcripts And Deputy Report cc see. The EAr STory He gave in Report And what He said on STAnd. And CALL For BACK up on Report And on stand and HANdCuff STory in Report and on stand ALL He said even in His AFFAdAvid. There is quesTonAble Difference There. I never saw Any of These The AFFAdAvid, Deputy Report, indictmea, inhancement pages TicC I was in prision. (Exhibit A, E, D)"

Vernong C.C.P. ArT. 38.18 PerJury And AggrAvated PerJury.
   The FALsity of The STATement Assigned must be shown by Two Credible witnesses, or one credible witness STrongly Corroborated by other Evidence. ~~the have~~
We HAVE Two witness And E. Gomes Report All The FACTors To Prove PerJured TeSTAmony

AT This poia MY LAWYer Should HAVe CALLed For DeFendAnd, Judge, D.A., And DeFence Council, ConFrence To LeT The Judge NO There would Be A Motion on PerJury. He Did not He WAS WorKing For STATe NOT Trying To Help one.

Under ArT. 38.18 PerJury And Aggravaded perJury a "credible witness", As used in CCP. 1879 ArT. 746 meant one who being competent To give evidence is worthy of belief.

STill under ArT. 38.18

The Term "corroborated strongly by other EVidence" meant ThAT This other EVidence Should come From AnoTher source Than From The WITNESS who was To Be corroborated, The witness To be corroborated, could not be corroborated by proof oF his own ALTS and decloiations.

See, Transcripts, Deputy Report, AFFAdAvid For His TEST-Amoney And TransciioTs For TesTAmony oF oTher Two OFFicer. E. Gomez Could not Be corroborated By Two OFFicer or His own Decloiations or By His ACTS. So The Transcripts, Deputy Report And AFFAdAvid Show proof oF FALS TesTAmony BY His own decloiation And ACTS Mutch Less The TWO OEFicer ThAT Test.Fied

The STATe Tryed To Help ThAT is why They Did not Bring The Audeo And video out oF E. Gomez's

CAR. IT would HAVE Shown A compleathy DiFFrent STory TO His TeSTAMONy. And Sworn AFFADAVid or ATLEAST THAT is WHAT RAFFA- DAVid is supost TO Be I Beleve And Even The Deputy Report is supost To Be A Sworn STATment.

ArT 38.18 PerJury And AGG. PerJury Code Cr. Proc. 1879 ArT. 746 or The SubSTANce There oF Should hAve been given in charge To The Jury, where The deFendant "had NOT conFessed guilT", in open court. Art 38.18 STeel Where but one WITness TestiFied TO The Falsity oF deFendant's STATement, iT WAS Error TO ReFuse TO instruct That iF The Jury believed THAT such witness WAS NOT A Credible WiTness They Should ACquiT.

This is RighT Hear And NOW me TeSTiFying TO The So CAlled ViCTom or PLAintiFe "STATS WiTness" I Should HAve Been "AC quiTed" AT First TriAL ArT 38.18 PerJury And AGG PerJury To Charge The JURy in Felony CASes upon The LAw ApplicAble TO The CASe, WheTher ASked or NOT, is under our LAw, A duty imposed imperatidetly upon The TriAL Judge. The TriAL being upon the plea oF NOT guilTy, And NOT upon confession in open CourT, The Omission oF The TriAL court TO give in Charge To The JUry The SubSTANce oF The Above STATATOry provision's WAS Error. By my LAwyer AN STATE

Penal Code

Sec. 37.03 Aggravated Perjury

(A) A Person Commits an offense if he commits Perjury as defined in Section 37.02, and the FALSE STATEMENT:

(1) is made during or in connection with an official proceeding; And is material

Sec. 37.02 Perjury

(A) A Person commits an offense if with intent to deceive and with knowledge of the statement's meaning;

(1) he makes a FALSE STATEMENT under oath or swears to the Truth of a FALSE STATEMENT previously made and the STATEMENT is required or Authorized by LAW to be made under Oath; or

TESTAMONE OF E. Gomez See Transcrips, Deputy Report and AFFADAVID RADIO He LOST And Could not call for Back up to make Jury Think He was in Real Harm, "EAR" Pulled To Ground By Ear JUST Realy Being Handled By A 50 year old man with NO Self Defence Training AT ALL. We never ASK or my Lawyer never ASK About Self Defence or millatery Training of E. Gomez. Every Thing Dun By my Lawyer HAD The STATE was Dun To Keep it Lik The OFFicer was in Sever Danger whin I was The one Being ATACKed And ASSULTed

EXHIBIT (D) The FALSE STATEMENT About The ROAD WAS Perjury To make it Look Like They Did NOT need A WARRANT And HAD A Right To Tell me where To and HOW TO Do STUFF.

And They Did not THAT was on "Line 8".

Now see Line 16 witness N/A or no A witness whin There was A witness JUST NOT ONE THAT WOULD Tell There FAbricated STATment To Help Them get me indited By Grand Jury IT would not HAVE Helpt Them iT would HAVE Harmed Them. I would Bet TF WHAT is on Line 18 were True even sober I could not Even do WHAT They SAY I Did I only HAVE A PARTIAL Right sholder I Had sergury on my rotorcue 30 year Ago.

IT WOULD HAVE made A diffecience IF A Empartial Jury HAD OF Hurd This stuff.

Just one CASE For now
United STATS V. WALLACh 935 F.2d. 475; 456 (1991)
See (1) criminal LAW I HAVE much more TF you WANT iT,

## IVX
### EXTranus ALT'S

Ex PART V. ArelAs, 45 SW 3d. 627 Tex Crim App 2001 Limiting instructions regarding Evidence of Defendants Extranus ACT's, As presented by State. The outcome would HAVE Been Difrent But For The Attorney's ACTion See ALSO RULe 404(b) And Fed. RULe 606(b) Because The used unAJudicated crimes To Prove CharicTor

The D.A. Even SAis That is why He is USing Thim He said This will prove what kind of or His charictor which is improper for STATE TO make That STATment PLUSS other's Thay made. EXTRAnUS ACT'S are not Admissable to prove charictor only NOThing They Braught showed ASSULT AT ALL The crushac Element.

## V

### PREPERATION

He never reviewed The thing in prosecutors File'S with me HAd not INVESTigated my side of The STORY, I Braught PictuIS The DAY OF TriAL Showing PrivAt LAin Sign is what is SAiS not RoAd or Drive iT STATeS DARly LAin FACT. He HAd NOT ConTACTed Any witness on my BeHALF THAT WOULD HAVE TestiFied TO How meay Times The SheriFF DePartmeat HAD RefUSed TO Help me. WiTh Kids CriminAl TresPASSing And ComiTTing cumimal mistif, another Time I CAllCd ChAnAL 7 news ABouT 4 P.T BULL DOGS Kill ing Chickens Ducks goats And maming my Cow Oog my son I Loved ThAT Dog Like A son still do. They RefUSed TO Do There JOB AT ALL TO Help me And I CAnT own A GUn BUT ThAT is BeSidy The poinT The poinT is iT is There Job TO SerVe And proTecT Person's And ALL ProperTY ThAT meAns whin The Persons Hands Are Tied They HAVE A SworN DuTTy.



BACK TO Prepration HAD NOT EnerviEd STATe
witness And He my Lawyer Helped The
STATe D.s Credit my wife's TesTimony.
She HAS seizures And WAS on stress med's
And She never ThAT our Lawyer would Try To
Trick Hir And ALULy The Two GATes in The Two
PicTurs were 5 FeRT APART So She was JusT Thinking
ABout The vacinity I would HAVe never
LeT Her goT up There IF I would HAVe Ever
ThAuGHT He would Do Some Thing Like ThAT.
And NO EVidence WAS Presented on my BeHALF

LeTs STArT with, "CriminAL Procedure"
ArT. 2.01: municipal Prosecution
(D) IT is The primary duty oF A municipal prosecutor
NOT To convicT, but To see ThAT JusTice is done.

The STATes ATT. EnsTed oF picking up Both set's
oF picTurs Should HAve STArTed Looking AT ConFlict
oF inToest see. WOOd V. GeorgiA 450 S.U. 261 (1981)
The TriAL CourT iTs seLF HAS A DUTy To inquire oF APPArent
ConFlicT's oF Record. ExPecily whin CounseL is
Hired By DeFendAnt BuT ProtecTing The STATe.
ALso WheAT V. STATe 486 U.S. 153 (1988) I HAVe
LeArned my LAwye is X STATe ATT.

My Lawyer while Talking About me calling for help acting like the law dont help them why should they help me more or less. See. Transcripts. And Brewer V. State 649 Su. 2d. 628 (1983) Counsel made disparaging comments concerning my actions of calling for help from police. Once again if my Lawyer would have held me not the State I would not be in this situation go back to page 18, Mark IVX Extianus actg. Hear is all the caselaw,

Un-adjudicated Extianeous offenses Ruth V. State 522 Su. 2d. 517 (1975) concurring opinion (T.C.A.) Evidence of other crimes not on trile for Cude V State 588 Su. 2d. 895 (Tex crim APP 1979) Callaway V. State 594 Su 2d 440 (Tex crim APP 1980) Boyington V. State 738 Su 2d 704 (1985) They used these to make me look like a visis person whin in fact I had broken no law's. The police had and constitutional law's at that. And Gov cod's to. Ex Part Varelas 45 su 3d 627 (Tex crim APP 2001)


Confering with defendant and prepair a defense, independent investigation of facts.

EX PART Mavez 505 SW2d 930 (Tex crim APP 1974)
EX PAIT Howard 591 SW2d. 906 (T.C.A. 1980)
EX PAIT Ybavia 629 SW2d. 943 (T.C.A. 1982)
EX PAIT Lilly 656 SW2d 490 (T.C.A. 1983)
EX PAIT RAborn 658 SW2d 604 (Tex crim APP 1983)
Strickland V. State 747 SW2d. 59 (Tex APP TexArk 1988)
FAilur To Interview Witness Both to Prosecution
And deFense.
Flores V. State 576 SW2d 632 (Tex. crim. APP. 1978)
Bryant V. Scott 28 53d 1411 5th cir 1994
EX PAIT Duffy 607 SW2d 507 (Tex. crim. APP. 1980)
Butter V. State 716 SW2d 48 (T. C. A. 1986)
IF The LAwyer would HAve Inter Vied Witness
He would HAve Ben ABle To Help Them HAVe the
Same TestAmony That's my Lawyer Becaus
He WAS For The STATe NOt me.

Counsel must AdequATly prepare The Witnesses
To Testify At Toial That means more Than
5 minet's in A Rome The DAy OF TriAl ExPociAl
Whin you no The Witness is on medication.
EX PAIT Guzmon 730 SW2d 724 (Tex Crin. APP. 1987)
On med's  EX PAIT DuFFy 607 SW2d 507 (1980)

The Strickland standard applies to a claim of ineffectiv assistance of counsel arising under article 1, §10 of the Texas Constitution Hernandez V. State 726 SW2d 53 (Tex Crim App 1986) Defendant has shown This pluss

~~and~~ defendant has proved prejudice under The standard of Strickland where it is evident Counsel had a conflict based on self intrest He braught no case law extant for time of trial Strickland V. Washington 466 US 668 (1984) Strickland V. State

Prejudicy Self intrest
Monrreal V. State 947 SW2d 559 (Tex Crim App 1997)
Beets V. Scott 65 F3d. 1258 (5th cir 1995) 134 L.Ed. 2d. 650 (1996)
Cuyler V. Sullivan 446 US 335. 100 S.CT. 1708 My counsel's errors were so serious I could not get a fair trial and Midland and letting pepol have fair there enemy

I beleve I have proven my trial was fundamintally unfair from start to finish denying even Due process, Constitution Rights, Civil Rights Even police Denying me help mador Duprocess Violations, The police outside color of law, Midland having a triel in court that Jury Suts them no transfer, perjury by stats wittness, ineffectiv councel

Even Like Deputy Report should HAVe
Been given To me AFTe E. Gomez Testified
see Rule 615 (A, B, C, D) And ALSo see
Fed. CrimProc. 18 § 3500 (b, C) This is
ALL ABOUT Producin A witnesses Statement
in criminal CASes
Like Rule 615 (a) motion To Produce
my Lawyer Did not File He did not want
me To see. Also (B) Producing Entire statment
(c) producing Redaced statment
(d) Recess To Examin
I Did NOT STAnd A Chance

I AM Praying For YALL's Help in This BAd
situation GOD ~~Knw~~ Kno's I WAS JUST Trying
To Get The police Dpartment To Do ther JOB
And I Pray you ALL see I realy WAS not
The oggresser Hear I Pray you see ALL The Error
By my Lawye And The STATe. Thank you

Sign            Elmo Fortenberry

DATe        6        19        2015

EXhibit (A)



AFFIDAVIT OF PROBABLE CAUSE

STATE OF TEXAS  }
                }
COUNTY OF MIDLAND }

CAUSE:

THE UNDERSIGNED AFFIANT, BEING A PEACE OFFICER UNDER THE LAWS OF TEXAS AND BEING DULY SWORN MAKES THE FOLLOWING STATEMENT AND ACCUSATION:

SUSPECTED PARTY:

Ray Fortenberry Jr, W/M, DOB: 05/03/63

IT IS THE BELIEF OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES, THAT SAID SUSPECTED PARTY COMMITTED THE FOLLOWING OFFENSE:

Assault On A Public Servant

AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT:

On 11/04/13 at approximately 1700 hrs I Deputy Elias Gomez was dispatched to 6703 E.C.R 97 in reference to a advised that the complainant sounded intoxicated. Upon arrival I noticed a white male wearing blue overall's in the mid... made contact with the male who was identified as Elmo Fortenberry. I asked Elmo what was going on. As soon as I asked he stated " fuck you I want Sheriff Painter out here". I then told him first tell me whats going on. The male kept on yelling then told Elmo to get out of the street and to come to the side of the street to talk about what was going on. Elmo refused and walked up to him and told him to calm down. Elmo then placed his hands on me and pushed me. At that point I grabbed and tried to detain him. Elmo pushed away once again and then began striking me with his fist. At that time I grabbed and both of us fell down. On the ground Elmo tried to grab ahold of my patrol issued taser and thats when I struck his face to get him off of me. At that point I called for more units to help me. Elmo then came at me again in a fighting stance managed to get ahold of both his arms and finally placed him in handcuffs, Deputies then arrived and assited me. When I told him to calm down I did detect a strong odor of a alcoholic beverage emitting from his person. I then placed Elmo under Arrest for Assault on a Public Servant as well as Public Intoxication and resisting arrest detention. Elmo was also charged with Abusive 911 when he was told not to call on 911 and to call on the non emergency number which he refused to do so. A copy of the c... was transported to Midland Memorial by Deputy Martinez for jail clearance. EOR.

_____ 32
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, THE UNDERSIGNED AUTHORITY, BY SAID AFFIANT ON THIS

_____ DAY OF _____, 20____.

_____
NOTARY PUBLIC
MIDLAND COUNTY, TEXAS

Billy G. Johnson
Justice of the Peace, Pct. 3

_____
JUSTICE OF PEACE
PRECINCT NO.___
MIDLAND COUNTY

EXHIBIT-(B)

ORDER RESCINDING AMENDED RESIDENCE AND REPORTING CONDITIONS

DOCKET NO. 29,723-C

THE STATE OF TEXAS

vs

ELMO RAY FORTENBERRY, JR.

IN THE DISTRICT COURT OF

POTTER COUNTY, TEXAS

251ST JUDICIAL DISTRICT

Date: December 10, 19 92

On the 11th day of September, 19 92, the Court considered the defendant's application for permission to move and maintain h is residence in Parmer County, and to have certain conditions of h is probation amended in certain respects, it was ordered that such permission to change h is residence was and the same was granted, and the judgment of this Court rendered on the 7th day of October, 19 91, wherein said defendant was found guilty of the offense of Burglary of a Habitation and h is punishment assessed at confinement in the Texas Department of Corrections for a term of ten (10) years, probated, was amended by changing conditions of probation ( 5 ) and ( 9 ).

Upon the defendant's application, it is hereby ordered that the amended conditions of probation ( 5 ) and ( 9 ) dated September 11, 1992 be rescinded and that the defendant will abide by the conditions of probation as heretofore granted on the 7th day of October, 19 91 .

SIGNED AND ENTERED this 5th day of January, 1993 .

_____
Judge Presiding

4326884938

*EXHIBIT (C)*

FILED

NO. 43001

| | | |
|---|---|---|
| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| | * | |
| V. | * | 385TH JUDICIAL DISTRICT |
| | * | |
| ELMO RAY FORTENBERRY JR. | * | MIDLAND COUNTY, TEXAS |

## NOTICE OF STATE'S INTENT TO ENHANCE PUNISHMENT
## FOR A FELONY OFFENSE
## UNDER SECTION 12.42 PENAL CODE
## BY PROOF OF A PRIOR FELONY CONVICTION

**COMES NOW** the State of Texas by and through her District Attorney and gives the Defendant notice under Section 12.42 Penal Code that the State intends to enhance the range of punishment applicable to the felony offense charged in this cause by proof that before the Defendant committed the primary offense charged in the indictment in the above entitled and numbered cause, the Defendant was previously convicted of the felony offense or offenses as follows:

### Count 1 Paragraph 2 (Enhancement)

That before the commission of the offense of Retaliation charged in the indictment, the said Elmo Ray Fortenberry Jr. was convicted of the felony offense of Burglary of a Habitation on or about the 29th of June 2004 *DATe RoNG* in cause number 29723-C in the 251st District Court of Potter County, Texas.

*RuLe EvideNCy*
*609.(B)*

Deputy Report for Incident 14-00167

## Supplement

OFFENSE: Assault On A Public Servant

     MIDLAND COUNTY SHERIFF'S OFFICE
                P.O. Box 11287, 400 South Main
                    Midland, Texas 79701
                      432-688-4600

  REPORT (Specify Information or Offense)
  Offense                                  *Fel*

1. Complaint #    *CASE # 14-0003*
   14-00167

2. Received By/How
   324/In Person

3. Offense (type)
   Persons (Felony)

4. Victim's Name (Firm's Name if Business), Address, Zip Code, Phone (Res. Bus.)
   State of Texas
   400 S Main
   Midland TX 79702
   432-688-4600

5. Victim's Occupation
   Law Enforcement

6. Date and Time Reported
   January 04, 2014 at approximately 1707 hours

7. Date and Time Offense Occurred
   January 04, 2014 at approximately 1707 hours

*PURJURY*
*FALS*
*STATMENT*

8. Type of Premises Where Occurred
   Public Roadway    *PriVAT roAd WAY 97 IS mArked For Emurgency And MAÍLL Perposes oNLy*

9. Location: Number, Street, Apt#
   6703 ECR 97
   Midland, TX 79706

10. Person Reporting Offense- Race, Sex, Age, DOB, Phone# Residence-Business
   Deputy E. Gomez
   Midland County Sheriff's Office
   432-688-4600

11. Residence Address, Zip Code
   400 S Main
   Midland, TX 79702

12. Name of Business, Address of Person Reporting Offense
   Midland County Sheriff's Office
   400 S Main
   Midland, TX 79702


RECEI
JAN 08
DISTRICT ATT

13. Property Descriptions (Describe all property involved first)

**Deputy Report for Incident 14-00167**

---

   [lost,stolen,abandoned,found,etc]   [LIST QUANTITY THEN VALUE OF EACH]
   NONE

14. SUSPECT(List),Arrested?,Race,Sex,Age,DOB,Ht,Wt,Hair,Eyes,SMT,Address,Phone
   ARRESTED
   Elmo Ray Jr Fortenberry
   W/M, 50 YOA, 05/03/1963,
   Ht:5'10", 180 LBS, Blonde/Hazel
   SMT:NONE
   ADDRESS:6703 ECR 97
    MIDLAND, TX 79706
   CELL PHONE:

15. SUSPECT VEHICLE, Yr,Mk,Series-Body Style,Color,License-Year-State,VIN
   None

16. WITNESS (List), Race, Sex, Age, DOB, Ht, Wt, Hair, Eyes, Address, Phone
   N/A    my wife

17. VIDEO WITNESS STATEMENT (List),Full Name, DOB, D.L.#, DL STATE,
    SSN, ADDRESS, CITY,STATE,ZIP, HOME PHONE NUMBER, WORK PHONE NUMBER, CELL
    NUMBER, ALTERNATE ADDRESS, WORK ADDRESS.
    NONE

18. Weapons/Instruments or Means of Attack.
   Hands

19. SYNOPSIS

   On January 04, 2014 at approximately 1707 Deputy Gomez while on patrol
responded to a call located at 6703 ECR 97 in reference to an advise of rights,
where an intoxicated male subject was calling 911 multiple times after he was
advised by dispatch to call on the non emergency line.

   Upon Arrival Deputy Gomez noticed a white male wearing blue overall's in
the middle of the street on ECR 97. Deputy Gomez made contact with the male who
was later identified as Elmo Ray Jr Fortenberry. Deputy Gomez asked Mr.
Fortenberry what was going on. As soon as Deputy Gomez stepped out of his patrol
vehicle and asked him he replied and stated "fuck you I want Sheriff Painter
out here". Deputy Gomez told him first tell me what's going on. Mr. Fortenberry
kept on yelling the same thing over and over.  Deputy Gomez told Mr. Fortenberry
to get out of the street and to come to the side of the street to talk about
what was going on. Mr. Fortenberry refused to listen to Deputy Gomez
instructions. Deputy Gomez then walked up to Mr. Fortenberry and told him to
calm down. Mr. Fortenberry rushed Deputy Gomez in an aggressive and fighting
stance trying to push Deputy Gomez. At that point Deputy Gomez grabbed ahold of
his arm and tried to detain/arrest him. Mr. Fortenberry pushed away once again
and then began striking Deputy Gomez with his fist and then grabbing on to a
gate resisting arrest. Mr. Fortenberry assaulted Deputy Gomez while he was
acting under color of the servant's office or employment. While Mr. Fortenberry
was grabbed onto the fence he stated to Deputy Gomez " let me go or I will
fucking kill you you son of a bitch ". At that time Deputy Gomez knee striked
Mr. Fortenberry and the gate where he was holding onto sung open both Deputy
Gomez and Mr. Fortenberry fell down on the ground. While on the ground Mr.
Fortenberry grabbed Deputy Gomez's testicar and attempted to rip it off causing
pain to Deputy Gomez. Mr. Fortenberry then wrapped his legs across Deputy Gomez
waist. Mr. Fortenberry grabbed ahold of Deputy Gomez's patrol issued taster and
tried to remove it from the holster, that's when Deputy Gomez striked him three

*[handwritten right margin:]* First Amendment Free Speech

*[handwritten bottom:]* Inconsistent statements PeNAL Code sec. 37.06
MATeriaLity    sec. 37.04
Agg. perjury  sec. 37.03

times in the face to get him to let go of the taster. At that point Deputy Gomez called for more units to help. Deputy Gomez struggled get ahold of Mr. Fortenberry's hands due to the fact that he was attempting to grab Deputy Gomez's hands. Deputy Gomez managed to get ahold of both his arms and finally placed on one hand in a handcuff. While Deputy Gomez had Mr. Fortenberry pined on the ground waiting for the assisting units to arrive, Mr. Fortenberry yelled to his wife multiple times telling her " let my dogs go so they can get this mother fucker ". Deputies then arrived on scene and assisted Deputy Gomez in getting Mr. Fortenberry under control due to the fact that he was still being combative and aggressive.

While Deputy Gomez initially approached Mr. Fortenberry to calm him down Deputy Gomez detect a strong odor of a alcoholic beverage emitting from his person as well as a slurred speech and red blood shoot eyes. Mr. Fortenberry was placed under arrest for Assault On A Public Servant due to the fact that he committed an act against a person the actor knows is a public servant while the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant. Mr. Fortenberry was also charged with the following offenses Resisting Arrest Search or Transport, Take Weapon From An Officer, Abusive Call To 911 Service and Public Intoxication.

*less charg*

Deputy Gomez obtained a copy of the calls that Mr. Fortenberry made to 911. Mr. Fortenberry was transported to Midland Memorial by Deputy Martinez for jail clearance. Photographs of Deputy Gomez's injuries were taken transferred into a compact disc and turned into evidence.

20. Deputy making report, Badge#, Section, Date
Deputy E. Gomez, 324, Patrol, January 04, 2014

Exhibit (G)

FILED

2014 AUG 13 AM 10: 22

ROSS BUSH, DISTRICT CLERK
MIDLAND COUNTY, TEXAS

BY _____ DEPUTY

NO. CR43001 COUNT I

| | | |
|---|---|---|
| THE STATE OF TEXAS | ∗ | IN THE DISTRICT COURT |
| | ∗ | |
| V. | ∗ | 385TH JUDICIAL DISTRICT |
| | ∗ | |
| ELMO RAY FORTENBERRY, JR. | ∗ | MIDLAND COUNTY, TEXAS |

## JUDGMENT OF CONVICTION
### TRIAL BY JURY - PUNISHMENT BY COURT
### CONFINEMENT IN ID-TDCJ

Judge Presiding:            HONORABLE ROBERT H. MOORE, III
Date Judgment Signed:       The 13TH DAY OF AUGUST, 2014
Date Sentence Pronounced:   The 13TH DAY OF AUGUST, 2014
Defendant's State Id #:     03055130
Defendant's Birth date:     05/03/1963

Attorney for State:         MICHAEL C. MCCARTHY
Attorney for Defendant:     JEFF ROBNETT

Offense Convicted:          ASSAULT ON A PUBLIC SERVANT
Degree Offense:             THIRD DEGREE FELONY OFFENSE

Date Offense Committed:     The 4TH DAY OF JANUARY, 2014

Charging Instrument:        Indictment
Plea of Defendant:          NOT GUILTY

Jury Verdict: GUILTY OF THE OFFENSE OF ASSAULT ON A PUBLIC SERVANT
Foreperson of the jury:

Findings on Use of Deadly Weapon: NO AFFIRMATIVE FINDINGS

Punishment Assessed by:   COURT PURSUANT TO A PLEA BARGAIN AGREEMENT ON
PUNISHMENT

Punishment: **SEVEN (7) YEARS in the Institutional Division of the Texas
Department of Criminal Justice** and a fine in the amount of ZERO. The
State will waive Notice of State's Intent to Enhance Punishment
paragraph two enhancement after the Court has accepted the defendant's
plea of guilty to Count I and assessed the defendant's punishment.

Restitution/Reparation: ZERO

Time Credit: Concurrent unless otherwise specified. The defendant shall
be given credit as required by Article 42.03 V.A.C.C.P. towards the
sentence in this cause for all time spent in jail in pretrial
confinement in connection with this cause from the date of arrest of the
defendant to the date of the sentence of the defendant as certified by
the Sheriff and/or ordered by the Court in a separate order filed in the
papers of this cause.

FILED

2014 AUG 13 AM 10: 22

ROSS BUSH, DISTRICT CLERK
MIDLAND COUNTY, TEXAS

BY _____ DEPUTY

NO. CR43001 COUNT I

| THE STATE OF TEXAS | * | IN THE DISTRICT COURT |
| | * | |
| V. | * | 385TH JUDICIAL DISTRICT |
| | * | |
| ELMO RAY FORTENBERRY, JR. | * | MIDLAND COUNTY, TEXAS |

## JUDGMENT OF CONVICTION
### TRIAL BY JURY - PUNISHMENT BY COURT
### CONFINEMENT IN ID-TDCJ

On the 11TH DAY OF AUGUST, 2014, the above numbered and entitled cause was regularly reached and called for trial when came the State of Texas by her District Attorney and the Defendant in person and by the Defendant's Attorney and both parties announced ready for trial. Thereupon the Defendant in open Court pleaded not guilty to the charge contained in the indictment or information and a jury was duly selected, impaneled, and sworn, and after having heard the indictment or information read and the Defendant's plea of NOT GUILTY thereto and having heard the evidence submitted and having been duly charged by the Court, the jury retired in charge of the proper officer to consider their verdict. Thereafter the jury was brought into open Court by the proper officer, the Defendant and the Defendant's counsel being present, and in due form of law returned into open Court the following verdict which was received by the Court and is here now entered upon the minutes of the Court, to-wit:

" We, the jury, find beyond a reasonable doubt that the Defendant, Elmo Ray Fortenberry Jr., is guilty of the felony offense of ASSAULT OF A PUBLIC SERVANT as charged in count I of the indictment."

_____          _____
08/12/2014                                KEVIN GOLDSMITH

The Defendant elected to have his or her punishment fixed by the court, and thereupon the State and the Defendant entered into a plea bargain agreement on the punishment to be assessed, and after considering the

EXhiBiT (I)

# CERTIFICATE OF FINGERPRINTS

I, the undersigned witness, hereby certify that on this day, I affixed the thumbprints of the defendant as appearing below on the Judgment in cause number _CR 43001_ rendered in the _238th_ District Court of Midland County, Texas and witnessed the said Defendant affix his or her signature thereto.

**SIGNED** the _13_ day of _August_, 20_14_.

_____
SIGNATURE OF WITNESS

_____238th_____
OFFICE OF WITNESS

I, the Defendant in this cause, hereby certify that thumbprints appearing below are my thumbprints affixed by me to the Judgment in cause number _CR43001_ in the _238th_ District Court of Midland County, Texas on the _13_ day of _August_, _2014_.

_____
DEFENDANT
Cause Number: _CR43001_
State ID Number: _____
Birth Date: _____

**DEFENDANT'S LEFT THUMBPRINT BELOW**

**DEFENDANT'S RIGHT THUMBPRINT BELOW**





EXHIBIT (J)



238TH JUDICIAL DISTRICT COURT

JURY PANEL

| 1. ALICE ARMSTRONG | 2. KIMBERLY DUNCAN | 3. KEVON GOLDSMITH | 4. WILLIE LEE | 5. DEBORAH PEACOCK | 6. HEATHER MATICE | 7. JASON CULWELL |
|---|---|---|---|---|---|---|

| 8. JOHN MARTINEZ-GUEDRY | 9. LOIS HILLARY | 10. RITA DUNCAN | 11. JAMES HODGES | 12. JEREMY REGISTER |
|---|---|---|---|---|

Alt. Jared Atchison

CAUSE NUMBER: CR43001

STATE OF TEXAS V. ELMO FORTENBERRY, JR.

CHARGE: ASSAULT ON PUBLIC SERVANT

Monday, August 11, 2014



## In The

# Eleventh Court of Appeals

### No. 11-15-00077-CR

## ELMO RAY FORTENBERRY, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 385th District Court
### Midland County, Texas
### Trial Court Cause No. CR43001

## MEMORANDUM OPINION

Elmo Ray Fortenberry, Jr., Appellant, filed an untimely pro se notice of appeal from a conviction for assault on a public servant. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on August 13, 2014, and that his pro se notice of appeal was filed in the district clerk's office on April 7, 2015. On April 6, 2015, this court received and filed Appellant's motion for extension of time to file his notice of appeal. The clerk of this court notified Appellant by letter dated April 7, 2015, that the notice of appeal appeared to be untimely and that the appeal may be dismissed. We requested that Appellant respond to our letter and show grounds to continue. Appellant has responded but has not shown grounds upon which this court can continue the appeal.

Pursuant to TEX. R. APP. P. 26.2, a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant's notice of appeal was filed with the clerk of the trial court 237 days after his sentence was imposed. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *Slaton v. State*, 981 S.W.2d 208 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Neither the notice of appeal nor the motion for extension were filed within the fifteen-day period permitted by TEX. R. APP. P. 26.3. This court, as an intermediate appellate court, has no jurisdiction to grant an out-of-time appeal or to grant an untimely motion for extension; the Texas Court of Criminal Appeals is the only court with jurisdiction in final postconviction felony proceedings. *Olivo*, 918 S.W.2d at 522–24, 525 n.8; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Additionally, we note that the trial court's certification of Appellant's right of appeal indicates that Appellant has no right of appeal because this is a plea-bargain case and because Appellant waived his right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

This appeal is dismissed for want of jurisdiction.

PER CURIAM

April 23, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2